B. P. ANDERSON, Commissioner, v. E. VANBROCK-
LIN et al.

1. TAXES. *Land of United States.* Land to which the United States ac-
quire title under a direct tax sale is not exempt from State taxation
while so held.

2. SAME. *Same.* The act of the Legislature of March 31, 1885, which
provides that all property held or owned by the United States under
direct tax sales shall be exempt from taxation while so held or
owned, does not apply to taxes then in course of collection by suit,
and is probably unconstitutional, except as a statute of limitations.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W.
W. McDOWELL, Ch.

LEE THORNTON and MYERS & SNEED for com-
plainant.

GEORGE GILHAM and TAYLOR & CARROLL for
defendants.

COOPER, J., delivered the opinion of the court.

Bill filed to collect State, county and municipal
taxes on lot 21 Block 6, and lots 13 and 14 Block
13, of the Fort Pickering addition to Memphis, and
to enforce the lien therefor given by law. The taxes
claimed are for the years 1864 to 1877 or 1878. The
chancellor granted the relief sought as to the first lot,
and refused it as to the others. Both parties ap-
pealed.

All of these lots, then owned by R. H. Glenn, were sold on June 16, 1864, for the failure to pay the direct taxes imposed on realty by the act of Congress of 1862, and were struck off to the United States, the usual certificate of sale being issued accordingly. The United States brought an action of ejectment in the Federal Court for these lots, to which Van ⌐Brocklin made ⌐himself a party, and recovered judgment in January, 1877. No writ of possession issued for the first lot, Van Brocklin being permitted, on June 2, 1877, to redeem in the name of R. H. Glenn, by the payment of $2.75 in full of tax and cost. A writ of possession issued for the other lots, under which the United States were put in possession on March 29, 1877. The lots were afterwards, on May 2, 1878, sold under the act of Congress for the taxes, and bought by defendant, J. F. Stacy, a son-in-law of Van Brocklin, at the price of $54. The proof is that R. H. Glenn, the original owner of all the lots in 1864, sold them to Van Brocklin prior to 1870, who took, and remained in possession of them. The first lot was within the fortifications occupied by the forces of the United States during the civil war, the other lots being just outside the line of the fort.

No point is made on the levy and assessment of the taxes claimed, but the argument on behalf of the defendants is that, by the sale of June 16, 1864, and the certificate issued thereon, the title to these lots became vested in the United States, and that the lots thereby became exempt from taxation, either by force

of the laws of the State or of the United States. By the laws of this State, lands ceded to the United States by the State, and the buildings thereon, while used for the public service, were exempted from taxation: Code, sec. 542, sub-secs. 1; Section 71, act of 1867–8, ch. 28, brought into the Revised Code, sec. 73 *a, et seq.* The lands in controversy not having been ceded by the State to the United States, no exemption from taxation can be successfully claimed under these laws. The act of 1875, chapter 98, sub section 2, exempts generally "all property belonging to the United States," which was no doubt intended to apply to the lands ceded to the United States. It could not extend further, for the Constitution of 1870, Article 2, section 28, expressly provides that "all property shall be taxed," with power in the Legislature to except only such property "as may be held by the State, by counties, cities or towns, and used exclusively for public or corporation purposes, and such as may be held and used for purposes purely religious, charitable, scientific, literary or educational." Property bought by the United States at its own tax sale, and held merely to secure the tax, would not come within any of these exemptions. The fact that the United States have acquired the title to land in this State by purchase or otherwise would not exempt the property from State taxation. The State will retain the power to tax unless the right is ceded, or remitted by a legislative exemption within the constitutional power of the Legislature. The State cannot tax the agencies of the general government, but it may tax the realty

on or in which the agency is conducted: *McCulloch* v. *Maryland*, 4 Wheat., 431. The lots in controversy were, therefore, not exempt from taxation by any law of the State or the United States, and were properly taxed for the years mentioned.

Glenn and Van Brocklin were in actual possession of all the lots until the execution of the writ of possession on March 29, 1877, as to two of them. By the redemption of lot 21 Block 6, without that possession ever having been interfered with, they were remitted to all their original rights, precisely as if no tax sale had ever been made, no new title being acquired: Cooley on Taxation, 351. And all of the lots were subject to the lien for taxes given by statute, which may be enforced against the land into whosoever hands it may come.

The act of March 31, 1885, which provides that all property held or owned by the United States under direct tax sales shall be exempt from taxation while so held or owned, does not apply to this case because of the proviso which exempts from its operation cases where collections were "prevented or stayed by judicial proceedings," until one year after the determination of such proceedings. The act, except as a statute of limitations, is probably unconstitutional, inasmuch as it undertakes to create exemptions not allowed by the Constitution, and to interfere with rights already in suit. No point is made upon the occupancy of one of the lots by the military forces of the United States during the war, and could not be: *Rutledge* v. *Fogg*, 3 Cold., 554.

The chancellor's decree will be modified so as to declare the right of the complainants to the taxes claimed on all the lots, and order a reference to ascertain the amount due, unless the parties agree upon the amount. The defendant, Van Brocklin, will pay the costs of the cause.